IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

STANLEY JUBER, THOMAS FAENZA, ANDREAS
FESENMEYER, THOMAS CAPOBIANCO,
VERONICA CALIN, GREGG SHAFFER, ROGER
LEVESQUE AND KURT VON HONE, ON BEHALF
OF THEMSELVES AND THE CLASS THEY SEEK
TO REPRESENT,

      PLAINTIFFS,

V.

BENJAMIN BARNES, SECRETARY OF OFFICE OF
POLICY AND MANAGEMENT, STATE OF
CONNECTICUT; LINDA J. YELMINI, DIRECTOR
OF LABOR RELATIONS FOR THE OFFICE OF
LABOR RELATIONS, STATE OF CONNECTICUT;
CHRISTINE CIEPLINSKI, CHIEF NEGOTIATOR
FOR THE OFFICE OF LABOR RELATIONS, STATE
OF CONNECTICUT; KEVIN LEMBO,
COMPTROLLER, STATE OF CONNECTICUT; AND
CONNECTICUT STATE EMPLOYEES
ASSOCIATION/ SERVICE EMPLOYEES
INTERNATIONAL UNION, CTW, CLC LOCAL
2001,

      DEFENDANTS.

CIVIL ACTION NO. 3:14-CV-00090

**COMPLAINT — CLASS ACTION**

DATE: 25th January 2014

---

## PRELIMINARY STATEMENT

1.      This is a civil rights, class action seeking declaratory and injunctive relief,

nominal and compensatory damages and/or partial restitution, and other relief to redress and

prevent the deprivation under color of Connecticut law of Plaintiff employees' rights, privileges

and immunities under the First and Fourteenth Amendments to the United States Constitution.

Defendant Connecticut State Employees Association/Service Employees International Union,

CTW, CLC Local 2001 ("CSEA"), acting in concert with the Defendant officials of the State of

Connecticut, are depriving Plaintiffs, and the class Plaintiffs seek to represent, of their constitutional rights.

Specifically, Defendants Benjamin Barnes, Secretary of Office of Policy and Management ("OPM") for the State of Connecticut, Linda J. Yelmini, Director of Labor Relations of the Office of Labor Relations ("OLR") for the State of Connecticut, Christine Cieplinski, Chief Negotiator of the OLR for the State of Connecticut have negotiated and entered into a collective bargaining agreement with CSEA. The collective bargaining agreement includes an indemnification provision permitting the seizure of forced fees from nonunion employees without consideration of whether there has been compliance with "the constitutional requirements for the … collection of agency fees," *Teachers Local No. 1 v. Hudson*, 475 U.S. 292, 310 (1986),  which Defendants Barnes, Yelmini, Cieplinski and Kevin Lembo, Comptroller for the Office of the Comptroller for the State of Connecticut ("Lembo"), (collectively "the State Defendants"), have enforced.

Additionally, Lembo, or his agents, has seized amounts equal to full union dues from Plaintiffs' and other nonunion State employees' wages for the benefit of Defendant CSEA. CSEA has collected those monies in a manner which violates Plaintiffs' and class members' First- and Fourteenth-Amendment rights as set forth by the United States Supreme Court in *Teachers Local No. 1 v. Hudson*, 475 U.S. 292 (1986), limiting the circumstances under which such fees may constitutionally be collected from nonunion public employees.

### JURISDICTION AND VENUE

2.     This action arises under the Constitution and laws of the United States, particularly the First and Fourteenth Amendments to the Constitution, and therefore, this Court's jurisdiction is invoked under 28 U.S.C. § 1331.

3.      This is also an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution of the United States, particularly the First and Fourteenth Amendments thereto. Jurisdiction, therefore, is invoked under 28 U.S.C. § 1343, pursuant to which the Court may grant: a) nominal damages for the violation of Plaintiffs' and class members' First- and Fourteenth-Amendment rights; b) compensatory damages and/or partial restitution in the amount of "agency fees" unconstitutionally seized from Plaintiffs' and class members' wages, plus interest; and c) reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

4.      This also is a case of actual controversy in which Plaintiffs are seeking a declaration of their rights under the Constitution of the United States. Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiffs and class members and grant further necessary or proper relief based thereon.

5.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because the Defendants reside and/or have offices and conduct their business in this judicial district and because the events giving rise to the claim occurred in this judicial district.

**PARTIES**

6.      Plaintiffs Stanley Juber, Thomas Faenza, Andreas Fesenmeyer, Thomas Capobianco, Veronica Calin, Gregg Shaffer, Roger Levesque and Kurt Von Hone (collectively "Plaintiffs") are, and were at all times mentioned herein, individuals employed by the State of Connecticut with job titles within the certified "Engineering, Scientific and Technical (P-4)" bargaining unit ("P-4 bargaining unit"). As such, they are "employees" within the meaning of the State Employees Relations Act ("SERA"), CONN. GEN. STAT. § 5-270(b). Plaintiffs are

3

represented exclusively for purposes of collective bargaining by Defendant Connecticut State

Employees Association/Service Employees International Union, CTW, CLC Local 2001

("CSEA"), pursuant to the SERA, CONN. GEN. STAT. § 5-271. Plaintiffs resigned union

membership in CSEA, but never received from CSEA the constitutionally required notice and

procedures after they resigned, and yet had union monies equal to full membership dues seized

from their wages as a condition of employment.

       7.     Defendant Benjamin Barnes ("Barnes") is the Secretary of the Office of Policy

and Management ("OPM") of the State of Connecticut is the "employer representative" in all

collective bargaining matters, including the negotiation and administration of all collective

bargaining agreements and supplemental understandings between the State and CSEA. CONN.

GEN. STAT. § 4-65a(a). On information and belief, Barnes, as Secretary of the OPM, approves

the collective bargaining agreements entered into by the State with labor unions that the State has

designated as monopoly bargaining representatives prior to the agreements being approved and

implemented. Barnes is sued in his official capacity.

       8.     Defendant Linda J. Yelmini ("Yelmini") is the Director of Labor Relations for the

Office of Labor Relations ("OLR"), a division of the Office of Policy and Management

("OPM"), of the State of Connecticut. By designation of the Secretary of OPM, the OLR is the

Governor's designated representative for collective bargaining matters for state employees in the

executive branch. The OLR has negotiated and entered into the collective bargaining agreement

with CSEA governing the terms and conditions of employment for state employees in the P-4

bargaining unit, including Plaintiffs and the proposed class. On information and belief, Yelmini,

as Director of OLR, is the primary State official charged with the responsibility for negotiating

and administering collective bargaining agreements and supplemental agreements entered into by

the State with labor unions that the State has recognized as monopoly bargaining representatives on behalf of the State. Yelmini is sued in her official capacity.

9.      Defendant Christine Cieplinski ("Cieplinski"), is the Chief Negotiator for the Office of Labor Relations of the State of Connecticut. On information and belief, on behalf of the State of Connecticut as an employer, Ms. Cieplinski negotiated, entered into, and is the signatory, on behalf of the OLR and OPM and as representative of the State, to the current collective bargaining agreement governing the terms and conditions of employment for all employees in the P-4 bargaining unit, including Plaintiffs and class members, between the State of Connecticut and Defendant CSEA. Cieplinski is sued in her official capacity.

10.      Defendant Kevin Lembo ("Lembo") is the Comptroller for the State of Connecticut. As such, Defendant Lembo is the primary official of the State charged with the responsibility of issuing wages to employees of the State and/or its Departments, including P-4 bargaining unit employees, including Plaintiffs and class members, and processing all deductions therefore, including for union dues and/or fees pursuant to "agency shop" provisions in collective bargaining agreements between the State and/or its agencies and the labor unions that the State has designated as monopoly bargaining representatives. Lembo is sued in his official capacity.

11.      On information and belief, Defendant CSEA is an unincorporated association that conducts its business and operations in the State of Connecticut and maintains its principal office at 760 Capitol Avenue, Hartford, Connecticut 06106. CSEA is an "employee organization" within the meaning of the SERA, CONN. GEN. STAT. § 5-270(d).  CSEA is the "exclusive bargaining representative," pursuant to the SERA, CONN. GEN. STAT. § 5-270 and § 5-280, inclusive, for all employees with job titles in the certified Engineering, Scientific and Technical (P-4) bargaining unit who are employed by the State except those designated by state law or

Defendants. It represents the P-4 bargaining unit employees for purposes of collective bargaining in the State of Connecticut pursuant to the SERA and is a subordinate affiliate of the Service Employees International Union, CTW, CLC ("SEIU").

## CLASS ACTION ALLEGATIONS

12.     Plaintiffs' action is a class action brought by Plaintiffs on their own behalf and on behalf of others similarly situated, pursuant to Rule 23(b)(1)(A) and (b)(2), FED. R. CIV. P.

13.     The class that Plaintiffs seek to represent includes all former, current, and future employees in the State of Connecticut: a) with job titles in the certified Engineering, Scientific and Technical (P-4) bargaining unit; b) who are or were represented exclusively for purposes of collective bargaining by CSEA; c) who resigned union membership in CSEA and thereafter are not or were not union members and who objected to the seizure of fees equal to full union dues from their wages; and d) who are, were, or will be subject to seizures of fees equal to full union dues as a condition of continued State employment after their individual membership resignations, *i.e.*, "potential objectors." *Hudson*, 475 U.S. at 306.

14.     The number of persons in the class is believed to currently exceed fifty (50), and includes an unknown number of individuals who may resign their union memberships in the future and will nevertheless by subjected to seizures of fees equal to full union dues after their resignations. Those persons are therefore so numerous that joinder of the entire class is impractical.

15.     There are questions of law and fact common to all members of the class, to-wit, whether the State Defendants have seized union fees equal to full union membership dues from nonmember Plaintiffs and the proposed class for the benefit of CSEA in the absence of the pre-

collection notice and procedural safeguards required by the First and Fourteenth Amendments to the United States Constitution before seizing union dues or forced "agency fees."

16.     Plaintiffs' claims are typical of other members of the class who are subject to the same deprivations of their rights by the State's seizure of compulsory union monies in the absence of the constitutionally required pre-collection notice and procedural safeguards, as hereinafter alleged, and whether Defendants' indemnification clause in the collective bargaining agreement is void as against public policy.

17.     Plaintiffs can adequately represent the interests of the class and have no interests antagonistic to other members of the class who chose to resign union membership and/or not join CSEA, but did not receive the constitutionally required pre-collection notice and procedural safeguards after resigning union membership, and who were "potential objectors," as that term was used by the United States Supreme Court in *Hudson*, 475 U.S. at 306, in CSEA's 2012-13 fee year and in future years.

18.     Plaintiffs' attorneys are experienced in representing litigants with similar claims. Plaintiffs' counsel are provided *pro bono publico* by a national charitable legal aid organization and are experienced in representing nonunion employees in litigation, including class actions, involving issues identical or similar to those raised in this action. These attorneys are best able to represent the interests of the class and will fairly and adequately do so.

19.     Because Defendants' duty to establish and provide pre-collection notice and procedural safeguards for the protection of the First-Amendment rights of nonunion employees and to limit the amount of the fee to only the constitutionally permissible causes and amount applies equally to all Plaintiffs and members in the class, the prosecution of separate actions by

individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.

20.     Defendants have acted to deprive Plaintiffs and class members of their constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, equitable and monetary relief with regard to the class as a whole.

21.     Alternatively, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members in that the important and controlling questions of law and fact are common to all members of the class, for example, whether Defendants have complied with all of "the constitutional requirements for the ... collection of agency fees." *Hudson*, 475 U.S. at 310.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that individual class members are deprived of the same constitutional rights by Defendant CSEA's compulsory fee collection, differing only in immaterial aspects of their factual situations. The limited amount of money at stake for each individual employee makes it burdensome for class members to maintain separate actions.

## STATEMENT OF FACTS

23.     Acting in concert under color of state law, the SERA, CONN. GEN. STAT. § 5-270 *et. seq.*, the State, through its agents, including the State Defendants, has recognized CSEA as the exclusive bargaining agent for its employees whose job titles are in the certified Engineering, Scientific and Technical ("P-4") bargaining unit, including Plaintiffs and members of the proposed class (collectively referred to as "Nonmembers").

24.     Defendant Barnes is the Secretary of OPM and pursuant to CONN. GEN. STAT. § 4-65a(a), is the "employer representative" for the State of Connecticut in collective bargaining

negotiations and all matters pertaining to collective bargaining, including the negotiations and administration of collective bargaining agreements and supplemental understandings entered into between the State and labor unions that are the recognized exclusive representatives for the State's executive branch employees as set forth in CONN. GEN. STAT. § 4-65a(a)(2)(A), which includes the P-4 bargaining unit employees.

25.    On information and belief, pursuant to CONN. GEN. STAT. § 4-65a(a), Barnes designated his role as "employer representative" to Defendant Yelmini, as the Director of OLR.

26.    On information and belief, Yelmini designated Defendant Cieplinski as the "Chief Negotiator" for OLR and OPM as the "employer representative" for the State, in negotiating the current collective bargaining agreement between the State and CSEA regarding the terms and conditions of employment for all P-4 bargaining unit employees, including Plaintiffs and the proposed class.

27.    On information and belief, Defendants CSEA and Cieplinski negotiated and approved the collective bargaining agreement governing the terms and conditions of employment for P-4 bargaining unit employees, including Plaintiffs and the class, which is effective from July 1, 2009 through June 30, 2016 ("CBA").

28.    On information and belief, Yelmini supervised the negotiations, administration and implementation of the CBA. Prior to the CBA's implementation, on information and belief, Yelmini, and/or her agents, submitted the CBA to Barnes.

29.    On information and belief, after receiving the CBA, Barnes, and/or his agents, reviewed and approved the CBA and then submitted the CBA to the Connecticut General Assembly for approval, pursuant to CONN. GEN. STAT. § 5-278. Upon the Assembly's approval, Defendants implemented the CBA.

30. Pursuant to the SERA, CONN. GEN. STAT. § 5-270 *et seq.*, the CBA contains an agency shop provision, entitled "Union Security and Payroll Deductions," providing that:

> **Section Three.** Any employee who… resigns from Union membership shall be required to pay an agency service fee under Section Four.
>
> **Section Four.** The State shall deduct the agency service fee biweekly from the paycheck of each employee who is required under Section 5-280-A to pay such a fee as a condition of employment…. The amount of agency service fee shall be equal to P-4 unit members' dues payable to the Union.
>
> **Section Five.** The amount of dues or agency service fee deducted under this Article together with a list of employees shall be remitted to the Treasurer of the Union within a week after the payroll period in which such deduction is made together with a list of employees for whom any such deduction is made.

Engineering, Scientific and Technical (P-4) Contract and Connecticut Agricultural Experiment Station Addendum between the State of Connecticut and Local 2001, effective July 1, 2009 through June 30, 2016, Article 6, ¶¶ 2-5. Relevant portions of the CBA, including the indemnification provision above, are attached and incorporated by reference herein as Exhibit A.

31. Pursuant to the "Union Security and Payroll Deductions" provision in the CBA, Defendant Lembo, and/or his agents, pursuant to their official duties, have automatically deducted union dues and/or fees from the wages of employees in the P-4 bargaining unit, including Plaintiffs and the proposed class.

32. On information and belief, CSEA's fee year, in which it collects union dues and/or compulsory "agency fees" from all P-4 bargaining unit employees for its expenses in a given year, including both union members and/or nonmembers, is from February 1 to January 31 each year.

33. Article 6 in the CBA also includes an indemnification provision that CSEA would indemnify the State for any liability or damages it incurred pursuant to the section. Exhibit A, Article 6, ¶9.

34.     On information and belief, Defendants apply the indemnification provision to any liability the State—and/or its officers, employees, agents, attorneys, representatives and all other persons in active concert with them—incurs pursuant to Article 6 in the CBA.

35.     At various dates from 2012 to date, Plaintiffs and class members, individually and in writing, resigned union membership in CSEA and objected to the seizure of full union dues from their wages.

36.     On information and belief, CSEA received and acknowledged Plaintiffs' and class members' individual union membership resignations.

37.     Despite this acknowledgement, Defendants CSEA and Lembo, and/or his agents—pursuant to CSEA's policy and practice—continued to collect compulsory fees equal to full union membership dues from Plaintiffs and the proposed class for CSEA and/or its affiliates upon their membership resignations without first providing the required pre-collection notice and procedural safeguards under the United States Constitution including, but not limited to:

   a.     a notice to Nonmembers, before union dues were collected, that adequately explained the basis for the amount of the "agency fee," including an allocation of major categories of expenses between lawfully chargeable and nonchargeable activities, verified by an independent auditor for CSEA and/or its affiliates;

   b.     an adequate advance rebate or reduction of the fee;

   c.     a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker; and

   d.     an escrow for the amounts reasonably in dispute while such challenges are pending.

*See Hudson*, 475 U.S. at 306-10 (hereinafter collectively referred to as "*Hudson* notice and procedures").

38.     Notwithstanding Defendants' failure to provide Nonmembers with the required pre-collection *Hudson* notice and procedures protections as stated in Paragraph 35, *supra*, the State Defendants seized and CSEA and/or its affiliates collected and spent union monies from the Nonmembers' wages from the date of each Plaintiff's and class member's membership resignation to the end of the particular CSEA fee year in which the individual Nonmember resigned and objected, but did not receive the required pre-collection *Hudson* notice and procedures protections.

## CLAIM FOR RELIEF
(Violation of 42 U.S.C. § 1983
and the United States Constitution)

39.     The facts alleged above are incorporated by reference.

40.     The Nonmembers' decision not to join or be members of, resign from union membership, and/or pay dues to CSEA and/or its affiliates, is an exercise of their rights to freedom of speech, association, and petition guaranteed against state action by the First and Fourteenth Amendments to the United States Constitution. Defendants' actions—acting in concert to negotiate and enforce agreements compelling the Nonmembers to pay monies to CSEA and/or its affiliates, even the costs of exclusive representation on behalf of their bargaining units—infringe upon those fundamental rights.

41.     The First and Fourteenth Amendments to the United States Constitution require that the procedures for the collection of compulsory union monies be carefully tailored to limit the infringement on the fundamental rights of nonunion employees to serve the compelling state interest that justifies such union monies in the manner least restrictive of the nonunion

employees' freedoms of speech, association, and petition and to facilitate the nonunion employees' ability to protect their rights.

42.     The notice and procedural safeguards required by the First and Fourteenth Amendments upon an employee's membership resignation from a union include:

a.     a notice to Nonmembers, before union dues are collected, that adequately explains the basis for the amount of the "agency fee," including an allocation of major categories of expenses between lawfully chargeable and nonchargeable activities, verified by an independent auditor;

b.     an opportunity to object to the payment of full union dues and an adequate advance rebate or reduction of the fee;

c.     a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker; and

d.     an escrow for the amounts reasonably in dispute while such challenges are pending.

*See Hudson*, 475 U.S. at 306-10.

43.     Plaintiffs claim that their constitutional rights, as enunciated by the Supreme Court in *Hudson*, on behalf of themselves and the proposed class, be provided with all of the pre-seizure notice and procedural safeguards that will ensure that none of their wages are either collected or spent for improper purposes.

44.   The seizure of union dues and/or fees from the wages of Nonmembers for CSEA's fee year in which the Nonmembers resigned union membership violates the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 because Defendant CSEA failed to provide any of the constitutionally required pre-collection notice and procedural

safeguards for that fee year to Plaintiffs and class members upon their resignation from union membership. Defendants CSEA and Lembo, and/or his agents, have collected union dues for CSEA and/or its affiliates in the absence of the constitutionally required *Hudson* notice and procedures listed in Paragraph 42, *supra*.

45.     Defendants have deprived, and continue to deprive, Nonmembers of their First- and Fourteenth-Amendment rights, as enunciated and specified in *Hudson*, to receive the appropriate required notice and procedural safeguards from CSEA, upon each Nonmember's union membership resignation and for the fee year in which each Nonmember resigned union membership, prior to the seizing of union dues and/or fees from the Nonmembers for that fee year, and/or any other fee year in which Defendants have seized union dues and/or fees from the Nonmembers prior to providing the appropriate *Hudson* notice and procedures.

46.      Thus, as a direct result of Defendants CSEA's and Lembo's, and/or their agents', unlawful actions described herein, the Nonmembers:

a.     have been prevented from exercising their rights and privileges as citizens of the United States to not pay union monies in the absence of receiving all of the pre-collection notice and procedural safeguards required by the Constitution;

b.     have been deprived of their civil rights guaranteed to them under the statutes of the United States;

c.     have suffered monetary, equitable, and other damages; and

d.     have suffered the irreparable harm, damage, and injury for which there is no adequate remedy at law that is inherent in the violation of First-Amendment rights.

47.     The indemnification section of the "Union Security and Payroll Deductions" article is void as against public policy, invalid, and unenforceable, insofar as it causes the State

Defendants to ignore consideration of whether the seizure of union dues and/or fees violates the constitutional rights of nonunion employees. Enforcement of the indemnification clause would work against the important public policies contained in the First, Fifth, and Fourteenth Amendments to the Constitution of the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment for themselves and the class they seek to represent as follows:

A.      Enter an order, as soon as practical, certifying this case as a class action and appointing Plaintiffs' counsel as class counsel.

B.      For issuance of a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that:

1.      Defendants CSEA and the State, through Lembo and/or his agents, failed to comply with *Hudson*, *supra*, thereby rendering the State Employees Relations Act, CONN. GEN. STAT. § 5-270 *et seq.*, and the "Union Security and Payroll Deductions" provision of the State/CSEA's CBA null and void on its face and/or as applied to Plaintiffs and the class, because the collection of and demand for payment of compulsory union monies without the required and proper *Hudson* notice and procedures violate the First, Fifth, and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983;

2.      any money actually seized from Plaintiffs and class members, after they resigned union membership, during Defendant CSEA's fee year prior to having been provided with all of the notice and procedural protections required by the Supreme Court in *Hudson* by Defendants and those working in concert with them, under color of the

collective bargaining agreement(s), was illegally seized in violation of the First, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983; and

        3.     the indemnification clause set forth in the "Union Security and Payroll Deductions" provision of Defendants' CBA is void as against public policy, unenforceable and works against the important public policies contained in the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

B.     For actual damages in the full amount of monies that were seized from Plaintiffs' and class members' wages during CSEA's fee year(s) prior to having been provided with all of the notice and procedural protections required by the Supreme Court in *Hudson*, plus interest, and nominal exemplary damages under 42 U.S.C. § 1983, for depriving Plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States;

C.     For equitable relief,

        1.     a permanent injunction prohibiting Defendants, their officers, employees, agents, attorneys and all other persons in active concert with them, from taking any action to demand or collect from any Nonmember, by any means, union dues or "agency service fees" and from taking any other action to enforce the "Union Security and Payroll Deductions" provisions of the State/CSEA CBA against any future Nonmember until CSEA has: a) fully complied with "the constitutional requirements for the … collection of agency fees," *Hudson*, 475 U.S. at 310; b) provided to Nonmembers an opportunity to object to the seizure of fees equal to full union dues; and c) a constitutional agency fee seizure procedure that is approved by this Court and is established and operating; and

2.      restitution of all union monies taken during CSEA's fee years from Plaintiffs and members of the proposed class, plus interest, from the date that each Plaintiff and class member resigned union membership to the end of the particular fee year in which they did not receive constitutionally adequate pre-collection *Hudson* notice and procedures; or, alternatively, assuming *arguendo* that CSEA and/or its affiliates, is entitled to collect any union monies for its failure to comply with "the constitutional requirements for the ... collection of agency fees," *Hudson*, 475 U.S. at 310, award Plaintiffs and class members compensatory damages or restitution in the amount of the portion of union monies unlawfully exacted from them, with interest, and such other amounts as principles of justice and compensation warrant; or, alternatively

3.      to provide to each Plaintiff and class member with the constitutionally required pre-collection notice and procedural safeguards as set forth under *Hudson*, 475 U.S. 292, and its progeny, for each CSEA fee year that Nonmembers had full union dues seized from their wages without first receiving any of the constitutionally required pre-collection *Hudson* notice and procedures from Defendants, with a new opportunity to object, and potentially challenge, the amount of the Union's "agency fee," and award Plaintiffs and class members the restitution of the portion of union fees unrelated to collective bargaining, contract administration and grievance adjustment, with interest, and such other amounts as principles of justice and compensation warrant;

D.      For costs, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

E.      Such other and further relief as the Court may deem just and proper.

DATED: 24th January 2014

Respectfully submitted,

/s/ Nathaniel S. Schindler
NATHANIEL S. SCHINDLER, ESQ.
Law Offices of Martha A. Dean
144 Reverknolls
Avon, CT 06001
Tel: 860-676-9996
E-mail: Nathan@mdeanlaw.com
Juris Number: CT - 27464

W. JAMES YOUNG, ESQ.
SARAH E. HARTSFIELD, ESQ.
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22151
Tel:        (703) 321-8510
Fax:        (703) 321-9319
E-Mail:     wjy@nrtw.org
            seh@nrtw.org

ATTORNEYS FOR PLAINTIFFS AND THE CLASS